## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IVORY L. THOMPSON,

      Petitioner,

v.                                    CASE NO:  8:06-cv-1962-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1).  The Court has considered the petition, Respondents' response (Dkt. #12) and Petitioner's reply (Dkt. #24). Upon review, the Court determines that the petition must be denied.

## BACKGROUND

On July 27, 1999, Petitioner was charged by Information, along with co-defendants Clarence Leonard and Oren Denson, with several drug offenses as follows: Count One, trafficking in cocaine, 20 to 200 grams; Count Two, possession of cannabis with intent to sell or deliver within 1000 feet of a church; Count Three, trafficking in oxycodone, 4 to 14 grams; and Count Eight, possession of drug paraphernalia (Dkt. #12, Ex.1).  Thompson was also separately charged in Count Four, possession of cocaine within 1000 feet of a church;

Count Five, possession of cannabis with intent to sell or deliver within 1000 feet of a church; and Count Six, carrying a concealed firearm.

The case proceeded to joint jury trial, and each defendant was represented by a different attorney. The jury found Thompson guilty of counts one, two, four, five, six, and eight, as charged. On count three, he was found guilty of the lesser included offense of possession of oxycodone. On December 1, 2000, the trial court adjudicated Thompson guilty on all counts and sentenced him to terms of imprisonment as follows: on counts one, two, and five, Thompson was sentenced to ten years, with ten years of drug offender probation to follow count one, as well as a $50,000 fine and $2,500 surcharge; on count three, Thompson was sentenced to five years; on count four, Thompson was sentenced to ten years, followed by ten years drug offender probation; on count five, Thompson was sentenced to five years; on count six, he was sentenced to five years and on count eight, Thompson was sentenced to time-served (Dkt. #12, Ex.2).

Thompson pursued a direct appeal, represented by his trial attorney, in which he raised the following five issues:

> Issue I: Whether the trial court properly denied Appellant's motion for judgment of acquittal as to counts one, two, and three of the information which charged him with (I) trafficking in cocaine, (II) possession with intent to deliver a controlled substance (marijuana) within 1,000 feet of a church, and (iii) trafficking in oxycodone?

> Issue II: Whether the trial court properly determined, as a factual matter, that Appellant's vehicle was within the curtilage of the premises and, therefore, subject to a lawful search pursuant to the terms of the valid search warrant?

Issue III: Whether the trial court properly allowed two experienced law enforcement officers, who were qualified as experts in street level narcotics transactions and investigations, to give limited opinions based, in part, on the variety, quantity, and packaging of narcotics found during the execution of the search warrant?

Issue IV: Whether Appellant demonstrated an abuse of discretion by the trial court in denying his motion for a statement of particulars?

Issue V: Whether the trial court properly denied Appellant's motion for mistrial on the basis that alleged prejudicial hearsay testimony was admitted at his trial?

(Dkt. #12, Ex.3). The Second District Court of Appeal heard oral argument in the case on April 24, 2002, and filed a silent per curiam affirmance on May 1, 2002, in Case No. 2D01-131. Thompson v. State, 823 So. 2d 782 (Fla. 3d DCA 2002)[table]. The mandate issued on July 25, 2002.

Thompson then filed a Petition for Writ of Habeas Corpus in state court, alleging ineffective assistance of appellate counsel in his direct appeal (Dkt. #12, Ex.6). Specifically, he raised the following:

I. Whether appellate counsel was ineffective for failing to raise improper jury instruction?

II. Whether appellate counsel was ineffective for failing to raise ineffective trial counsel?

III. Whether appellate counsel filed an improper and erroneous argument as to the trial court's denial of the motion to suppress?

IV. Whether appellate counsel was ineffective for failure to provide the required transcripts?

The appellate court issued a per curiam denial on June 18, 2003.  Thompson v. State, 849 So. 2d 310 (Fla.2d DCA 2003)[table].

On November 14, 2002, prior to finality of the state habeas proceeding, Thompson filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, raising seven allegations of ineffective assistance of trial counsel (Dkt. #15, Ex.11).  On February 13, 2002, Thompson filed a motion to amend, adding an eighth claim.   These claims are essentially the same claims Thompson raised in his 28 U.S.C. § 2254 motion, and are recited infra.

The trial court entered a final order summarily denying all claims on October 24, 2003 (Dkt. #12, Ex.15).  Thompson appealed.  On May 12, 2004, in Case No. 2D03-5551, the appellate court affirmed the postconviction summary denial of all claims except the eighth claim regarding a sleeping juror, which it remanded for an evidentiary hearing (Dkt. #12, Ex.17).  Thompson v. State, 873 So.2d 48 (Fla. 2d DCA 2004).

Complying with the appellate court's directions, on remand the postconviction court held an evidentiary hearing on Thompson's sleeping juror claim.  After the hearing the court orally denied Thompson's eighth claim and filed a written order on June 24, 2005 (Dkt. #15, Ex.20).

Thompson appealed (Dkt. #12, Ex.21).  The appellate court filed a per curiam silent affirmance of the order on May 12, 2006, in Case No. 2D05-2420, and Thompson filed a motion for rehearing, which was also denied.  Thompson v. State, 932 So. 2d 2000 (Fla. 2d DCA 2006)[table].

Thompson signed the 28 U.S.C. § 2254 petition on October 16, 2006. The petition contains the following five grounds for relief: (1) unlawful arrest; (2) illegal search and seizure; (3) general search warrant; (4) judgment of acquittal; and (5) ineffective assistance of trial counsel.

Respondent submits the petition should be denied because grounds one, two, and three are barred by the application of Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), and the remaining claims fail to raise issues of federal constitutional magnitude, are procedurally barred, or fail to meet the threshold requirements of 28 U.S.C. § 2254(d) and (e).

## Standard of Review

Petitioner's convictions were entered after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, so the instant petition is subject to the provisions thereof. Pursuant to 28 U.S.C. § 2254(a), as amended by AEDPA, enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because a state court initially considered the issues raised in the petition and entered a decision on the merits, § 2254(d) governs the review of Thompson's claims. See Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Mobley v. Head, 267 F.3d 1312, 1316 (11th Cir. 2001); Penry v. Johnson, 532 U.S. 782, 792 (2001).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003).  Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. See Wright v. Sec. of Dep't of Corrs., 278 F.3d 1245, 1255  (11th Cir. 2002).  Additionally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## DISCUSSION

### Grounds One, Two, and Three

Since grounds one, two, and three all hinge on the propriety of the trial court's denial of Thompson's motion to suppress physical evidence based on the Fourth Amendment, they are addressed together.

In Ground One, Thompson asserts "unlawful arrest" (Dkt. #1 at 6).  In support, Thompson states that his detention was "questionable at best," stating that "[t]he ordering of defendant to turn off his vehicle, step out of the vehicle and patted down [sic], and

immediately handcuffed and arrested was unconstitutional" (Dkt. #1 at 6(a)).  Next, in Ground Two, Thompson claims "Illegal Search and Seizure" (Dkt. #1 at 7).  Thompson states "[m]ovant maintains that he understands the initial detention, the pat down violated the movant's rights" (id., at 7(a)).  In Ground Three, Thompson claims injustice due to "General Search Warrant" (Dkt. #1 at 9).  In support, Thompson proffers, "[t]he search warrant in this case was open and general.  This constitutional violation deprived defendant of his guaranteed rights, [since] [t]he affidavit in support of search warrant never once mentions the defendant" (Dkt. #1 at 9(a)).

Thompson's substantive claims of a violation of his Fourth Amendment rights is not cognizable in this federal proceeding pursuant to Stone v. Powell, 428 U.S. 465 (1976).  Thompson exhausted this ground in litigation of such in his motion to suppress at trial, at the suppression hearing, and on direct appeal.  Exhaustion of this ground triggers the bar of Stone v. Powell, precluding federal review of Thompson's Fourth Amendment claim because Florida provided him with processes for full and adequate consideration of his ground.

Stone instructs, "where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in the unconstitutional search or seizure was introduced at his trial." Mincey v. Head, 206 F.3d 1106, 1125 (11th Cir. 2000) (citing Stone v. Powell, 428 U.S. at 494-95).  When there are disputed facts, full and fair consideration requires "consideration by the fact finding court, and at least the availability of meaningful appellate review by higher state court." Id, 206 F.3d at 1126.  Thompson was afforded a full

opportunity to develop the factual issues of his case at his trial. Moreover, Thompson's

allegation of state court error in denying his motion to suppress does not suffice to avoid the

Stone bar. See Swicegood v. Alabama, 577 F.2d 1332, 1324 (5th Cir. 1978)(holding that the

Stone bar applies despite an error by the state court in deciding the merits of a Fourth

Amendment claim.).[1]   Accordingly, Stone bars federal habeas review of Thompson's

Fourteenth Amendment issues. See Bradley v. Nagle, 212 F.3d 559 (11th Cir. 2000)(federal

courts are precluded from conducting postconviction review of Fourth Amendment claims

where state courts have provided "an opportunity for full and fair litigation" of those claims).

Thus, the Fourth Amendment claims raised in Grounds One, Two, and Three of the Petition

are dismissed and do not entitle Thompson to relief.

**Ground Four**

In Ground Four, Thompson contends his "due process rights was [sic] violated when

his motion for judgement of acquittal was denied. (Dkt. #1 at 9(b))."  In support, Thompson

proffers, "[a]ll of the defendant's charges were constructive possession in nature.  The

prosecution never presented any evidence to meet the elements of the crimes charged.  No

confession, no independent testimony of fingerprint evidence."

Thompson presented this issue in his direct appeal as "[w]hether the trial court erred

in failing to grant a judgment of acquittal to Counts One, Two, and Three of the Information

---

[1]Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

due to prosecution's failure to prove Appellant has [sic] knowledge and control of the narcotics and other contraband found in the home." This ground fails for several reasons.

First, although phrased in Constitutional terms, Ground Four presents a state law issue for which federal habeas corpus relief does not lie. Under Florida law, the state trial court should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Lynch v. State, 293 So.2d 44, 45 (Fla. 1974). On habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Even when a petition that presents state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)(quoting Willeford v. Estelle, 538 F.2d 1194, 1196-96 (5th Cir. 1976)). Errors which do not infringe upon federally protected rights provide no basis for federal habeas relief.

The sufficiency of evidence to establish constructive possession of narcotics so as to survive a motion for judgment of acquittal or new trial is solely a state law matter. As an issue of state law, this claim is not properly before this Court.

Second, Ground Four is unexhausted and procedurally barred as a result of Thompson's failure to raise the federal constitutional dimension of this ground in a timely manner at trial and then on direct appeal. Title 28 U.S.C. § 2254(b) requires the exhaustion of state court remedies before a federal habeas corpus application will be entertained. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also Henderson v. Campbell, 353

F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998)("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State an opportunity to pass upon and correct alleged violations of its prisoners' federal rights")(quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)).

At trial and on appeal, this issue was presented as a state law matter, and was not argued as a violation of Thompson's constitutional due process rights. Thus, Thompson's arguments at trial and on direct appeal do not suffice to meet the exhaustion requirement. See Duncan v. Henry, 513 U.S. 364, 365 (1995)(mere similarity of claims is insufficient for exhaustion).

Since this argument fails as a matter of state law and is procedurally barred, this Court does not need to address whether the rejection of this issue is objectionably reasonable under the standard of Jackson v. Virginia, 443 U.S. 307 (1979). Accordingly, the Court finds that Petitioner has failed to show that he is entitled to federal habeas relief on this claim.

**Ground Five**

In Ground Five, Thompson adopts and incorporates the eight ineffective assistance of counsel arguments raised in his state postconviction motion. Thompson claims his counsel was ineffective for "(1) failing to properly investigate the law, (2) failure to object and request a mistrial, (3) failure to file proper pretrial motion, (4) failure to object to Williams

Rule violation, (5) failure to impeach a key state witness, (6) failure to request proper jury instruction and object to an improper one, (7) failure to request a severance, (8) failure to inform the trial court that one of the jurors was sleeping during the trial. (Dkt. #1 at 12(a))."

Thompson's ineffective assistance of trial counsel claims must be reviewed under the two elements set forth in Strickland v. Washington, 466 U.S. 668 (1984). To establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id. at 688. Prejudice results where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(en banc)(quoting Burger v. Kemp, 483 U.S. 776 (1987)).

In this case, the state court's denial of Thompson's ineffective counsel claims is neither contrary to, nor an unreasonable application of, the Strickland standard. This court will address these claims in turn below.

The first ineffective assistance allegation is that counsel failed to properly investigate the law. Specifically, Thompson alleges that counts two, four, and five require that the State prove that the church or religious organization regularly conducts religious services. Thompson alleges that the State did not prove this at trial and his attorney should have raised

this issue.

In the order denying postconviction relief, the trial court assessed the evidence presented at trial, noting that two churches were located within 1000 feet of the residence where the offenses occurred.   Additionally, absolutely no evidence presented at trial suggested that these churches were not functioning as churches.  See Alvord v. Wainwright, 564 F. Supp. 459 (M.D. Fla. 1983)(assessing that counsel was not ineffective at the sentencing phase for failing to undertake a reasonable investigation into the defendant's psychiatric history since the defendant did not offer any evidence of psychiatric testimony that might have been revealed upon more thorough investigation, thus, petitioner suffered no actual or substantial disadvantage that would be legally cognizable as ineffective assistance of counsel); reversed in part on other grounds, 725 F.2d 1282 (11th Cir. 1984).  Therefore, even if Thompson's attorney should have raised this issue, Thompson has not alleged sufficient prejudice.

The second allegation, that trial counsel was ineffective for failure to object and request a mistrial during prosecutor's improper closing comments, also does not entitle Petitioner to relief.  The state court addressed this issue in its order denying postconviction relief.  After reviewing the nine allegedly improper comments made by the prosecutor, the trial judge concluded that "there were no improper comments made by the prosecutor," thus, "there was no deficient conduct on the part of trial counsel for failing to raise an issue that did not have merit."   This decision was not contrary to, or involve an unreasonable application of, clearly established federal law.  Thus, Thompson is not entitled to relief on

this ground.

In allegation three, Thompson alleges ineffective assistance for counsel's failure to file a proper pretrial motion. In his motion for postconviction relief, Thompson contends that trial counsel should have filed a motion to suppress based on the failure of law enforcement to Mirandize him prior to interrogating him. The trial judge addressed this argument in the order denying postconviction relief, stating:

> Officer Azpietia testified that while serving the search warrant, he walked up to the car defendant was driving, asked defendant to turn it off and step out of the car. The officer then asked Mr. Thompson if he lived there and requested identification. Mr. Thompson stated he lived there and handed the officer a driver's license that confirmed he lived at the address for which the search warrant was issued. Defendant claims this was custodial interrogation and his response was elicited prior to Miranda warnings.

(Dkt. #12, Ex.14) As noted by the trial court, Miranda warnings are not necessary until the point in time when the process shifts from investigatory to accusatory, when its focus is on the accused and its purpose to elicit a confession. Colocado v. State, 251 So. 2d 721, 723 (1st DCA Fla. 1971). When the officers questioned Thompson pre-Miranda warning, the investigation clearly had not yet focused on him as a suspect. See id. ("The Miranda decision itself exempts from its operation general on-the-scene questioning which is customarily made by investigating officers during the fact finding process."). Therefore, Thompson's Miranda rights were not violated and his attorney was not ineffective for failing to raise this issue.

The fourth ineffective assistance of counsel allegation is that counsel improperly failed to object to the "Williams Rule Violation" based on the State's reference to two prior drug sales that occurred at the location Petitioner was arrested.   Relevant evidence of collateral crimes is admissible at jury trial when it does not go to prove the "bad character" or "criminal propensity" of the defendant but is used to show motive, intent, knowledge, modus operandi, or lack of mistake.  Williams v. State of Florida, 110 So.2d 654 (Fla. 1959). Evidence of another crime can only be introduced when some relevancy to the trial at hand is shown by evidence.   Akers v. State, 352 So.2d 97 (Fla. 4th DCA 1977).

As noted by the trial court in the order denying postconviction relief, "the mentioning of how the police officers began their investigation is not a violation of the Williams Rule." This issue lacks merit and defense counsel was not deficient for failing to raise it at trial. Thompson has failed to prove the prejudice prong of Strickland necessary for relief.

In his fifth allegation of ineffective assistance, Thompson alleges that counsel was constitutionally ineffective for failing to impeach a key state witness.  Thompson asserts that documents refuting the testimony of Officer Jones was in the possession of trial counsel and counsel failed to use these documents to impeach Officer Jones.  Thompson claims that trial counsel had an FDLE Report submitted by Officer Jones requesting a fingerprint comparison, which would have impeached Officer Jones's testimony that he did not request a fingerprint analysis of Thompson.   Further, the prints compared did not match Thompson's.   Thus, Thompson argues that counsel was ineffective for failing to produce the document at trial to impeach Officer Jones.

Assuming Thompson's allegation is true, the only impeachment value of this document would have been to show the officer was mistaken. At trial, testimony and evidence was presented that highlighted the presence of fingerprint dust but lack of fingerprint evidence, including the testimony of an FDLE analyst and closing argument of Petitioner's attorney. Clearly, the jury was aware that a latent print analysis was done and that the State could not match the prints to those of Mr. Thompson. This Court agrees with the order denying postconviction relief. If there was any error, it was harmless, since the relevant testimony was presented to the jury and Petitioner admitted to living at the home and presented a driver's license to that effect.

The fact that Officer Jones was not impeached does not undermine confidence in the outcome of the proceeding or raise a probability that the outcome would be different since the jury was still presented with the relevant evidence. Thus, Petitioner has failed to show that his defense counsel was deficient or that he was prejudiced, and is therefore not entitled to relief on this ground.

Next, Thomas alleges in ground six that his counsel was ineffective for failing to request a proper jury instruction and object to an improper one. Specifically, Thompson argues that counsel should have requested the Court to instruct the jury that the guilt of one of the co-defendants should not be inferred against any of the others. Additionally, Thompson contends that the trial court erroneously repeated the "joint possession" jury instruction eleven times and trial counsel did not object.

At trial, the court told the jury which elements had to be proven for each charge as to each defendant.  Those instructions were adequate.  Additionally, "joint possession" was an element of several offenses charged to each of the three co-defendants.  The trial court correctly read each of the elements to each of the offenses charged as it applied to each defendant.  Therefore, Thompson's allegation that the trial court erred in repeating the "joint possession" instruction is without merit.  Consequently, there was no deficient conduct on the part of trial counsel for failing to raise this issue.

In his seventh allegation, Thompson claims ineffective assistance due to counsel's "failure to request a severance."  Specifically, Thompson alleges that his grandfather and aunt refused to testify unless Petitioner's case was severed, since they did not want to implicate Thompson's co-defendant.  Thompson claims they would have testified about the house and who lived there at the time of the incident.  Counsel did not request a severance, so Thompson claims he was prejudiced by the evidence offered against his co-defendants.

Thompson's claim has no merit, since defendants were properly tried together.  All the charges arose from one ongoing investigation, which led to the issuance of the search warrant, which produced the contraband leading to the charges.  Offenses which are "episodic" in nature, in that they occur in the same geographic area during the same limited period of time and were part of an ongoing investigation, may be tried together.  See Davis v. State, 670 So. 2d 1036 (2nd DCA Fla. 1996).  Additionally, "the fact that the defendant might have a better chance of acquittal or strategic advantage if tried separately does not establish the right to a severance."  McCray v. State, 416 So. 2d 804 (Fla. 1982)(an attempt

by one defendant to escape punishment by throwing blame on a codefendant is not a sufficient reason, by itself, to require severance)(citing <u>United States v. Cravero</u>, 545 F.2d 406 (5th Cir. 1976).

Moreover, Thompson presented two witnesses who testified that he did not live at the house.  Thus, the jury was able to make a fair determination of his guilt or innocence.  Accordingly, Thompson has failed to meet the prejudice prong of <u>Strickland</u> and is not entitled to relief on this ground.

Thompson also claims his case should have been severed because prior drug buys at the house allowed the introduction of collateral crime evidence.  This claim is also without merit, because it was made clear at trial that those buys did not involve Thompson and that Thompson was neither present nor the target of the search warrant.  Additionally, the jury was instructed that testimony regarding Thompson's co-defendant's involvement in past narcotics transactions was only admissible to show that the co-defendant was involved in past narcotics transactions.  Both witnesses also testified that they had never known of any drug transactions which involved Thompson.  Thus, the fact that testimony was admitted against Thompson's co-defendant does not require severance of defendant's trial.  Neither of Thompson's arguments meet the requirements of <u>Strickland</u>, so the defendant is not entitled to relief on this ground.

Thompson alleges in ground eight that trial counsel was ineffective for failing to inform the trial court that one of the jurors was sleeping during the trial.  The court decided this issue after an evidentiary hearing on remand.  At the hearing, the state court heard

testimony from Thompson, his attorney, his co-defendant's attorneys, his co-defendant, and the alleged sleeping juror. The state court noted that the alleged "sleeping juror" testified that he never nodded off or slept during the course of the trial. After considering the evidence presented at the hearing, the state court determined that the juror was not sleeping at trial.

The state court's finding, which is based on credibility of the witnesses and is supported in the record, is entitled to deference under the AEDPA. Moreover, the court's legal conclusions are objectively reasonable and comports with the standard set out in Strickland. Since Petitioner has not presented clear and convincing evidence to rebut the state court's finding, the eighth allegation of ineffective assistance of counsel must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on August 28, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2006\06-cv-1962.deny 2254.wpd*